UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS RAMONES, individually and on behalf of others similarly situated,<br><br>                               Plaintiffs,<br><br>- against -<br><br>HYATT CORPORATION; and any other related entities,<br><br>                               Defendants. | Case No. 23-cv-8543-MKB-ARL<br><br>**FIRST AMENDED<br>CLASS ACTION<br>COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff, CARLOS RAMONES, by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to New York Labor Law ("Labor Law") § 190 et seq., Labor Law § 196-d, and 12 New York Codes, Rules and Regulations ("NYCRR") Part 146 to recover unlawfully retained tips and gratuities owed to Plaintiff and other similarly situated persons who are presently or were formerly employed and/or assigned to provide catering services for the benefit of Defendant HYATT CORPORATION; and any other related entities (collectively referred to as "Defendants") at Defendants' catering venues located in the State of New York, including but not limited to the facility commonly known as Grand Hyatt.

2. Upon information and belief, beginning on October 3, 2016 and continuing through the present (hereinafter "the Relevant Period"), Defendants have engaged in a policy and practice of unlawfully retaining employees' gratuities at all of Defendants' catering venues located in the State of New York.

1

3. Upon information and belief, throughout the Relevant Period, documents including bills, menus, banquet event orders, invoices and other catering related items contained a Mandatory Charge assessed in connection with the administration of a banquet and/or catered event without disclaiming that the Mandatory Charge is not a gratuity for the staff.

4. A reasonable customer would believe that the Mandatory Charge was in fact a gratuity for Plaintiff and similarly situated service employees.

5. Pursuant to statutory requirements and case law on the same, Defendants failed to provide adequate notification that the Mandatory Charge was going to be retained in part or in whole by Hyatt and that no portion of the Mandatory Charge was a gratuity.

6. Defendants cannot prove by clear and convincing evidence that its notification was sufficient such that no reasonable customer would believe such charge was a gratuity or tip.

7. Defendants have engaged in a policy and practice of failing to pay the Mandatory Charge to Plaintiff and similarly situated employees and instead retained the money for their own benefit in violation of Labor Law Article 6 § 196-d, 12 NYCRR §§ 146-2.18 and 2.19.

8. Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, compensation, including gratuities that they were deprived of – plus liquidated damages, interest, attorneys' fees, and costs.

**JURISDICTION & VENUE**

9. This action was initially filed in the New York State Supreme Court, County of Nassau, and was assigned Index Number 615859/2023. Defendants filed a notice of removal, averring that this Court has original jurisdiction under 28 U.S.C. § 1332(d). At this juncture, Plaintiffs are not aware of any information that would suggest otherwise.

10. Venue is proper in this District under 28 U.S.C. § 1441(a) because the courthouse in which this action was initially filed sits within this District.

**THE PARTIES**

11. Plaintiff CARLOS RAMONES is an individual who resides in the State of New York, County of Nassau, and who has worked for Defendants in food service capacities at catered events during the Relevant Period, specifically at Grand Hyatt New York.

12. Upon information and belief, Defendant HYATT CORPORATION is a foreign corporation organized and existing under the laws of the State of Delaware that is authorized to do business in the State of New York, and is engaged in the hospitality industry as that term is used and defined in 12 NYCRR Part 146.

13. Defendant Hyatt Corporation through various entities, affiliates, agents, and employees operates several catering facilities in New York State including Hyatt Grand Central, Grand Hyatt, Hyatt Regency, Hyatt Herald Square, Hyatt Union Square, Park South Hotel, Thompson Central Park, Beekman, Gild Hall, Hyatt Centric Times Square, Hyatt Centric Midtown, Hyatt Centric Wall Street, the Chatwal, Grayson Hotel, Hotel 50 Bowery, Hotel Nyack, HGU New York, and other such facilities that hosted "social events" or "small meetings" in New York, as represented by Defendants in public filings.

**CLASS ALLEGATIONS**

14. This action is properly maintainable as a Class Action under Article 9 of the New York Civil Practice Law and Rules.

15. This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendants as food service employees,

including such workers as servers, bartenders, and in various other related customarily-tipped trades at Defendants' catered events during the relevant period of time.

16. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known.

17. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

> (i) whether Defendants assessed charges to their customers in the nature of gratuities, as those terms are defined under the Labor Law and the cases and regulations interpreting same;
> 
> (ii) whether Defendants' patrons made payments to Defendants or which were received or retained by Defendants which reasonable patrons would assume to have been in the nature of gratuities;
> 
> (iii) whether Defendants' provided notification under the appropriate regulations and case law on all documents listing pricing; and
> 
> (iv) whether Defendants improperly retained gratuities in violation of Labor Law § 196-d, 12 NYCRR §§ 146-2.18 and 2.19, and cases interpreting same.

18. The claims of the Named Plaintiff are typical of the claims of the putative class, as all were subject to Defendants' policies and willful practices of improperly retaining gratuities in violation of Labor Law § 196-d, 12 NYCRR §§ 146-2.18 and 2.19.

19. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

20. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

22. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

23. Throughout the Relevant Period, Defendants employed, in furtherance of their catering business, numerous individuals including Plaintiff Ramones and putative class members, in trades including as servers, bartenders, and in various other related customarily-tipped trades ("food service workers").

24. Throughout the Relevant Period, Defendants contracted with customers to cater events such as parties, birthdays, gatherings, holidays, celebrations, weddings, anniversaries, bar mitzvahs and other parties or occasions at their catering venues, including but not limited to the facility commonly known as Grand Hyatt New York ("catered events").

25. For these catered events, Defendants utilized standard forms, including contracts, bills, invoices, and menus.

26. For these catered events, Defendants utilized standardized forms approved by Hyatt for use at the Hyatt-branded catering facilities in New York.

27. For each catered event, Defendants employed a staff of numerous food service workers to perform food and service-related tasks.

28. Many of these food service workers would perform services under the same contracts at the same catered events to the same guests.

29. Upon information and belief, Defendants provided customers with documents – such as menus, bills, banquet event orders, and invoices – that conveyed a Mandatory Charge, calculated as a fixed percentage of the subtotal of the food and beverage cost.

30. Defendants failed to disclaim on all documents required by law that the Mandatory Charge was not a gratuity for the staff.

31. Defendants utilized the same standard forms for numerous catered events that contained a Mandatory Charge on it – without disclaimer.

32. Upon information and belief, reasonable patrons would have understood the Mandatory Charge to be in the nature of a gratuity.

33. Upon information and belief, Defendants' sales staff and/or event staff represented or allowed Defendants' patrons to believe that the Mandatory Charge was a gratuity.

34. Defendants failed to include the necessary disclaimer and representations on all documents listing pricing as required by the statutory authority and case law.

35. Defendants are exclusively in control of the pricing it sets for catered events, including the price per person it must charge to make such catered event economically feasible.

36. Upon information and belief, Defendants could have elected to charge a higher price per person to account for overhead, expenses, payroll costs, and other business expenses.

37. Upon information and belief, instead of charging more as a price per person, Defendants elected to assess a Mandatory Charge to prey upon the moral conscious of the customer, who would reasonably believe that Mandatory Charge was being paid to the food service workers.

38. Defendants have no reasonable justification for assessing the Mandatory Charge separately from the price per person or why it could not simply increase the price per person.

39. Thus, Defendants' use of the Mandatory Charge as a separate item was designed to mislead the customers into believing that the proceeds from which would be paid to the food service workers who serviced the catered events – and less likely to be challenged or negotiated by the customer.

40. While employed by Defendants, Plaintiff Ramones was paid an hourly wage plus some tips, but did not receive his rightful portion of the Mandatory Charge.

41. Upon information and belief, other members of the putative class were paid an hourly wage plus some tips, but did not receive their rightful portion of the Mandatory Charge.

42. Defendants retained some portion of the Mandatory Charge for themselves.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**LABOR LAW § 196-d VIOLATION**

43. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

44. Defendants are "employers," within the meaning contemplated pursuant to Labor Law Article 6 § 190(3), Labor Law Article 19 § 651(6), and cases interpreting same.

45. Defendants controlled and exercised sufficient authority over Plaintiff and similarly situated employees as they performed their job duties and responsibilities at Defendants' catered events, including working at Defendants' catered events – on Defendants' properties, for Defendants' guests, in execution of Defendants' contracts with its customers, pursuant to Defendants' pay and tip practices, and under the direction/management of Defendants' staff and agents.

46. Plaintiff and putative class members are "employees," within the meaning contemplated pursuant to Labor Law Article 6 § 190(2), Labor Law Article 19 § 651(5), 12 NYCRR § 146-3.2, and cases interpreting same.

7

47. The provisions of Labor Law Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146, apply to Defendants and protect Plaintiff and members of the putative class.

48. Pursuant to Labor Law Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

49. Defendants unlawfully withheld and retained portions of gratuities intended for food service employees, including but not limited to those collected by their assessment of the Mandatory Charge.

50. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of mandatory charges in the nature of gratuities, as required under 12 NYCRR § 146-2.

51. By the foregoing reasons, Defendants have violated Labor Law Article 6 § 196-d, and as such are liable to Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**12 NYCRR § 146-2.18 VIOLATION**

52. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

53. Pursuant to 12 NYCRR § 146-2.18, there is a "rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services,

including but not limited to any charge for 'service' or 'food service,' is a charge purported to be a gratuity."

54. Here, Defendants utilized various standardized or templated documents, including but not limited contracts, banquet event orders, and final invoices, throughout the Relevant Periods that contained Mandatory Charges which purported to be gratuities.

55. Upon information and belief, many of these document types were approved for use under the Hyatt brand and used as a matter of standard business practices across New York at various catering facilities operated by Defendants during the Relevant Period.

56. Defendants' aforesaid documents did not all clearly disclose that the Mandatory Charges were not gratuities or tips and would not be distributed in full.

57. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-2.18, and as such are liable to Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## 12 NYCRR § 146-2.19 VIOLATION

58. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

59. Pursuant to 12 NYCRR § 146-2.19(c), Defendants were required to include "a statement in the contract or agreement with the customer, and on any menu and bill listing prices that the [Mandatory] charge is … not purported to be a gratuity."

60. Here, Defendants' contracts or agreements, banquet event orders, menus, banquet checks, final invoices, and/or other bills listing prices did not contain a statement that the Mandatory Charge is not a gratuity and would not be distributed in full.

61. Thereby, Defendants provided documents listing prices to customers without the necessary language.

62. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-2.19, and as such are liable to Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PROVIDE NOTICE UPON HIRING**

63. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

64. Pursuant to Labor Law Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

65. Here, Plaintiff, did not receive a notice in writing at hiring – or at any time thereafter – listing all required information, including his pay rate, his pay day, or the frequency of his pay day.

66. Labor Law Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

67. By the foregoing reasons, Defendants have violated Labor Law Article 6 § 195(1)(a), and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs;

(5)  together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York  **LEEDS BROWN LAW, P.C.**
January 23, 2024

*/s/ Brett R. Cohen*
Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiff &
Putative Class*